ZHU ZI NI, a.k.a. Zhu
Zi Li, Petitioner,

v.

Eric H. HOLDER, Jr.,* Attorney General, United States Department of Justice, Respondent.

No. 08–5795–ag.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

Fuhao Yang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Trish Maskew, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhu Zi Li,[1] a native and citizen of China, seeks review of the October 30, 2008 order of the BIA affirming the January 5, 2007 decision of Immigration Judge ("IJ") Brigitte LaForest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Zi Ni*, No. A 099 525 324 (B.I.A. Oct. 30, 2008), *aff'g* No. A 099 525 324 (Immig. Ct. N.Y. City Jan. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's finding that Li was not credible because Li's testimony and supporting documents contained contradictory statements regarding (1) the number of times he was arrested in China, (2) the timing of any alleged bail payment, and (3) the purchase of Falun Gong books. We also identify record support for the IJ's determination that Li provided evasive and unresponsive testimony regarding (a) the title and author of the Falun Gong book he had been charged with selling and (b) the operation of his business. Furthermore, Li's attempts to explain these inconsistencies did not compel the IJ to alter her credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

er, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

1. While the caption refers to petitioner as Zhu Zi Ni, counsel for both the petitioner and the Department of Homeland Security clarified that "Ni" is a misspelling resulting from a typographical error. Accordingly, we refer to petitioner by his name, Li, in this order.

Because the only evidence that Li would be persecuted or tortured depended on his credibility, the IJ properly denied Li's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).